UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21491-CMA

JESUS HERNANDEZ,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

    Defendant.
_____/

### DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S REMOVAL STATUS REPORT PURSUANT TO ORDER [DE 3]

Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG"), pursuant to this Court's Order dated April 21, 2023 (DE 3), by and through its undersigned counsel, hereby files this Removal Status Report.

1. Statement of Claim

    **A. Plaintiff's Claim:**

    Plaintiff asserts that during the course of debt collection related to medical treatment, Defendant violated 15 U.S.C. §§ 1692e(2), 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA; and §559.72(9) of the FCCPA. Specifically, Plaintiff avers that Defendant falsely represented the status and amount of the subject debt when it sent to him collection correspondence dated February 21, 2023, for an amount of $2,088.00 in connection with the medical services received on February 1, 2021. Plaintiff contends that he is not liable for the debt as it originated from medical treatment that he received from Paragon Contracting Services LLC at Palmetto General Hospital in connection with a work-related

1

injury allegedly sustained on February 1, 2021. Additionally, Plaintiff alleges that he advised the hospital on February 1, 2021, at the time of treatment, that his injuries were work-related. Plaintiff claims that upon sending him the letter, Defendant falsely represented the character, amount, or legal status of the debt; and that the amount in the collection letter exceeds the amount pursuant to the fees schedules or guidelines for injured workers. Plaintiff is seeking statutory and actual damages. **[DE 1-2]**

**B.  HRRG's Defenses:**

HRRG has asserted that it did not violate the FDCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses: (1) HRRG is not liable for the actions or inactions of third parties; (2) failure to state a cause of action upon which relief can be granted; (3) claims for actual damages are not actionable since the damages alleged are speculative and not proximately caused by Defendant; (4) claims barred in whole or in part by the applicable statute of limitations under the FDCPA; (5) if the debt is determined to be a debt incurred during the course and scope of the Plaintiff's employment, then the debt is not a consumer debt as defined by the FDCPA; (6) if it should be determined that Plaintiff is damaged, HRRG alleges that such damage was not caused by HRRG but proximately caused or contributed by the conduct of others; (7) FDCPA's bona fide error defense; (8) any recovery of damages by the Plaintiff should be reduced by the amount of damages which could have reasonably been avoided due to Plaintiff's failure to mitigate such damages; (9) claims barred in whole or in part by the applicable statute of limitations under the FCCPA; (10) FCCPA's bona fide error defense; and (11) the alleged actions of Defendant and its agents and employees lack the requisite "actual knowledge" under Section 559.72(9) Fla. Stat. **[DE 5]**

2. <u>Statement of Removal</u>

   The instant suit is a civil action in which Plaintiff asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), and removal was based on federal question jurisdiction, accorded to Defendant, Healthcare Revenue Recovery Group, LLC. The Complaint seeks an award of damages against HRRG for alleged actions taken during the course of debt collection attempts by HRRG against the Plaintiff, which are asserted to violate the FDCPA. **[DE 1]**

3. <u>Pending Motions</u>

   There are no pending motions in this action.

4. <u>Statement of Joinder and Consent to Removal</u>

   There are no other Defendants in this action and as such, no consent to removal to federal court was necessary.

5. <u>Statement of Timeliness of Removal</u>

   28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Additionally, that each defendant shall have thirty (30) days after receipt by service on that defendant of the initial pleading or summons to file the notice of removal. Here, the original Complaint was filed with the Court and subsequently served upon the HRRG on April 5, 2023. HRRG filed the Petition for Removal to Federal Court on April 21, 2023; accordingly, the Petition for Removal was submitted to this Court less than thirty (30) days from service of the Complaint on Defendant. **[DE 1]**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 27, 2023,** via the Court Clerk's CM/ECF system which will provide notice to the following: Ismael Tijerino, Esquire at ismaeltijerino@jmflawyers.com, litigationsec5@jmflawyers.com, and spenceremison@jmflawyers.com *(Attorneys for Plaintiff)*.

> */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III, Esq., LL.M.
> Florida Bar No.: 0110108
> SKohlmyer@Shepardfirm.com
> service@shepardfirm.com
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Parkway, Suite 100
> Maitland, FL  32751
> Phone: (407) 622-1772
> Fax: (407) 622-1884
> *Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*